UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT GOH, M.D.,** | **1:14-cv-00315 LJO SKO** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS (Doc. 18)** |
| v. | |
| **THE DEPARTMENT OF VETERANS AFFAIRS; THE DEPARTMENT OF THE AIR FORCE; SLOAN D. GIBSON, in his capacity as ACTING SECRETARY OF VETERANS AFFAIRS; DEBORAH LEE JAMES, in her official capacity as SECRETARY OF THE AIR FORCE; DOES 1-25,** | |
| **Defendants.** | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

1

visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## II. BACKGROUND

Plaintiff Robert Goh is a physician who was employed by the Department of Veterans Affairs ("VA") between November 2009 and March 2011. First Amended Complaint ("FAC"), Doc. No. 13 at ¶ 2. During this time, he worked at a United States Air Force ("USAF") hospital in Las Vegas, Nevada. *Id.* Shortly after he received a "Notice of Abeyance" from the VA in March of 2011, Plaintiff resigned his position. *Id.* at ¶¶ 2, 27, 30. Thereafter, Plaintiff was notified that his hospital privileges would be revoked, and he requested a hearing to reviewing these decisions. *Id.* at ¶ 32. A three-member Hearing Panel Committee ("Hearing Panel") recommended that Plaintiff be subject to six months restricted privileges, that all of his charts be reviewed during this time, and that he be re-evaluated before being reinstated. *Id.* at ¶ 36. Plaintiff challenged the committee's recommendations, but on January 18, 2012, John J. DeGoes, a USAF Colonel, upheld their findings. *Id.* at ¶¶ 37-39; Declaration in Support of Plaintiff's Opposition, Exhibit 4 ("Decision Notice"), Doc. No. 19-1, at 20.[1] The Decision Notice states that any subsequent appeal would be handled by the Air Force Surgeon General's office under Air Force protocols. Plaintiff appealed Colonel DeGoes' decision, again unsuccessfully. FAC at ¶¶ 40-41. In a letter dated August 20, 2012, the Surgeon General of the USAF, Defendant Deborah Lee James, notified Plaintiff that she concurred with the conclusions reached in the Decision Notice. *Id.* at ¶ 41.

## III. PROCEDURAL POSTURE

Plaintiff filed his initial Complaint against the USAF and VA on March 5, 2014. Complaint, Doc. No. 1. His FAC, which added the secretaries of the USAF and VA as official-capacity defendants ("Official Defendants"), was filed on August 14, 2014. FAC at ¶¶ 18-19. Plaintiff alleges four causes of

---

[1] "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). Consideration of the Decision Notice is appropriate because Plaintiff explicitly references this document in FAC ¶ 39 and Defendants do not object or dispute the document's authenticity.

2

action. First, he argues that the "Final Decision" documented in the Decision Notice restricting his clinical hospital privileges should be set aside pursuant to 38 U.S.C. § 7462. FAC at ¶¶ 42-52. Second, Plaintiff claims that the Official Defendants deprived him of his protected interests in employment, salary, clinical privileges, and good professional reputation without due process. FAC at ¶¶ 53-59. Third, Plaintiff argues that this Court should set aside the Final Decision under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. FAC at ¶¶ 60-65. Finally, Plaintiff requests a writ of mandamus, pursuant to 28 U.S.C .§ 1361, directing Defendants to set aside the Final Decision. FAC at ¶¶ 66-71.

Defendants move this Court to dismiss the first, second and fourth causes of action as well as all claims against the VA on the basis that these claims are not viable. Defendants' Memorandum ("Defs.' Mem."), Doc. No. 18-1 at 1-2. Defendants do not seek dismissal of Plaintiff's third cause of action as to Defendant USAF. *Id.*

## IV. STANDARD OF DECISION

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at

3

556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the Complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. ANALYSIS

**A. Whether Plaintiff Has Properly Asserted Claims Under 38 U.S.C. §§ 7461-7463**

Defendants argue that Plaintiff does not assert a viable claim against the VA under 38 U.S.C. § 7462 because the FAC challenges decisions of the Air Force, rather than the VA. Defs.' Mem. at 2-3.

Under 38 U.S.C. §§ 7461-7463, Congress established an exclusive disciplinary scheme for VA health professionals. This system explicitly provides the right to appeal a "major adverse action" involving a "question of professional conduct or competence" to a Disciplinary Appeals Board ("DAB") under 38 U.S.C. §§ 7461(b)(1) and 7462(a)(1). Section 7464 provides that a DAB shall consist of:

> . . .three employees of the Department, each of whom shall be of the same grade as, or be senior in grade to, the employee who is appealing an adverse action. At least two of the members of each board shall be employed in the same category of position as the employee who is

4

38 U.S.C.A. § 7464(a). It also allows judicial review of a final decision pursuant to 38 U.S.C. § 7462(f)(1), once it has been reviewed by the Secretary for Veterans Affairs. Actions that are not "major" or that did not arise out a question of professional conduct or competence are regulated by Section 7463, which does not provide for judicial review. 38 U.S.C. § 7463(a). Thus, in the context of a 12(b)(6) motion, this Court must evaluate whether a "liberal reading" of the FAC would allow Plaintiff to prove that the October 26, 2011 Final Decision was a judicially reviewable "final order or decision."

The FAC identifies the committee that issued the Final Decision as a "Hearing Panel Committee," as opposed to a VA- authorized DAB. FAC ¶ 35. It also states that the Hearing Panel was convened to review Plaintiff's clinical privileges *at the hospital controlled by the Air Force*, not his employment with the VA. FAC at ¶¶ 31-32. Similarly, the Notice of Adverse Hearing detailing the charges against Plaintiff, and the Decision Notice, both describe the proceedings as arising under USAF's scope of authority. Declaration in Support of Plaintiff's Opposition, Exhibits 3 & 4 Doc. No. 19-1, at 10 & 20.[2] Further, Plaintiff admits that he appealed the Final Decision of the Hearing Panel to the Secretary of the USAF; not the VA. FAC ¶ 41. Tellingly, Plaintiff's Opposition does not argue that these inconsistencies were accidental or suggest that the FAC intended allege that the disciplinary process was administered pursuant to 38 U.S.C. §§ 7461-7463. Opposition at 4. Rather, Plaintiff asserts that the Hearing Panel, while not actually a DAB, functioned "like one." *Id.* The Court recognizes that Plaintiff alleges rights and responsibilities associated with both the VA and the USAF under the terms of his employment, and that the VA and USAF were both *involved* in the process leading to the issuance of the Final Decision. However, judicial review under Section 7462 is only available in the context of procedures actually *administered* by the Department of Veterans Affairs. 38 U.S.C. § 7462. Plaintiff does not provide, nor could this Court identify any authority supporting the premise that Section 7462 rights apply to grievance procedures where the VA may be involved, but does not control. For these

---

[2] Consideration of the Notice of Adverse Hearing is proper for the reasons described in fn. 1, *supra.*

5

1  reasons, this Court GRANTS Defendants' Motion to Dismiss claims brought pursuant to 38 U.S.C. §
2  7462, as to all Defendants. Because the Court also finds that additional factual allegations would not
3  cure the deficiencies associated with these claims, they are dismissed WITHOUT LEAVE TO AMEND.

4  **B.**     <u>**Whether Claims Against the VA Under the APA are Viable**</u>

5  Defendants urge this Court to dismiss APA claims against the VA on the basis that Plaintiff
6  failed to allege that the VA took any adverse action against him. Defs.' Mem. at 2. Plaintiff argues that
7  the VA is a proper defendant because VA employees were involved in the grievance procedures leading
8  to the Final Decision. Opposition at 3.

9  Agency actions that are subject to review under the APA are those actions that "are made
10 reviewable by statute" and "final agency action for which there is no other adequate remedy in a court."
11 5 U.S.C.A. § 704. The FAC describes the "final agency action" Plaintiff is challenging as the "Final
12 Decision and eventual upholding of the Final Decision." FAC ¶ 62. As discussed above, the Court reads
13 the FAC as alleging that the USAF, not the VA, is the agency responsible for issuing and upholding this
14 decision. Thus the USAF, not the VA, is the proper agency defendant. Therefore, the Court GRANTS
15 Defendants' Motion to Dismiss the VA and the Acting Secretary of Veterans Affairs as to charges that
16 arise under the APA. Because the Court finds that additional factual allegations would not cure the
17 deficiencies associated with these claims, they are dismissed WITHOUT LEAVE TO AMEND.

18 **C.**     <u>**Whether Plaintiff May Proceed With Constitutional Claims Against Official Defendants**</u>

19 Defendants argue that Plaintiff's constitutional claims against the Official Defendants should be
20 dismissed because a plaintiff may not state constitutional claims against federal officials sued in their
21 official capacities under the *Bivens* doctrine. Defs. Mem. at 4 (citing *Ibrahim v. Dep't of Homeland Sec.*,
22 538 F.3d 1250, 1257 (9th Cir. 2008). Plaintiff does not address this issue squarely in his Opposition.
23 Rather he cites to *Davis v. Passman*, 442 U.S. 228, 230 (1979), for the premise that "a cause of action
24 and a damages remedy can also be implied directly under the Constitution when the Due Process clause
25 of the Fifth Amendment is violated." Opposition at 4. *Davis,* however, does not help Plaintiff because
26 the defendant in that case was sued in his personal, not official, capacity. 442 U.S. at 232, n. 7.

6

As this Court has previously recognized, suits against the United States brought under the civil rights statutes, 42 U.S.C. §§ 1981, 1983, 1985, 1985 and 1988, are barred by sovereign immunity. *Gaede v. U.S. Forest Serv.*, CV F 12-0468 LJO DLB, 2013 WL 129303 at *3 (E.D. Cal. Jan. 9, 2013). The *Bivens* line of cases allows constitutional suits against official defendants when they are sued in their personal capacities. *Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1983). The Supreme Court has explained that "a waiver of sovereign immunity is not required for a *Bivens* -type suit" because "such a suit is against the employee in his individual rather than official capacity, and is therefore not a suit against the sovereign at all." *Id. See also Arnsberg v. United States,* 757 F.2d 971, 980 (9th Cir. 1985) ("*Bivens* does not provide a means of cutting through the sovereign immunity of the United States itself."). Official capacity suits are construed as suits against the agency the official represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Constitutional suits against federal defendants in their official capacity are barred because "would merely be another way of pleading an action against the United States." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). Therefore, because Plaintiff seeks to hold Official Defendants liable in their capacities as representatives of federal agencies, his claims are barred by the doctrine of sovereign immunity.

For the reasons discussed above, this Court GRANTS Defendant's Motion to Dismiss constitutional claims against Official Defendants. Because the Court finds that additional factual allegations would not cure the deficiencies associated with these claims, they are dismissed WITHOUT LEAVE TO AMEND.

**D.     Whether Plaintiff May Proceed With Request for Mandamus Relief**

Defendants argue that Plaintiff's claim for mandamus relief should be dismissed because (a) there is no such relief available when defendants are federal agencies and (b) mandamus is not available for non-ministerial duties. Defs.' Mem. at 4.[3] Plaintiff concedes that he may only pursue mandamus against Official Defendants but argues that his claim should proceed against them because the duty he is

---

[3] Defendants cite to *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957), for the premise that mandamus action also requires plaintiffs to show "exceptional circumstances." *La Buy*, however is not on point because it decided issues under the All Writs Act, not the Federal Mandamus Statute. *Id.* at 260.

7

seeking to enjoin is ministerial. Opposition at 4-5.

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal mandamus relief is only available where: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986). Even if all three factors are present, a court may exercise its discretion not to grant mandamus. *Id.*

The parties only contest the second prong of the analysis. Therefore, the question before the Court is whether the FAC alleges that the duty Plaintiff seeks to enforce is a plainly prescribed ministerial duty. To determine if a ministerial duty exists, one must analyze the language of the law a plaintiff seeks to enforce. *See Kokoszka v. Belford*, 417 U.S. 642, 650 (1974) (when interpreting a statute, court must look to entire act in order to give effect to the legislative intent). Plaintiff bases his request for mandamus relief on the Due Process Clause of the Fifth Amendment. FAC ¶ 68 ("Defendants owed Plaintiff a clear duty to provide Dr. Goh with an adequate and fair hearing in accordance with the Due Process Clause of the Fifth Amendment . . ."). Plaintiff, however, seeks a writ "ordering the Defendants to set aside its decision to restrict Dr. Goh's privileges in its entirety." FAC at 16, ¶ 2. Such a mandate would not cure the procedural deficiencies Plaintiff alleges. Moreover, the obligation Plaintiff seeks to enforce is not "plainly prescribed" under the Due Process Clause. Thus, it is inappropriate for the Court to order relief under the Federal Mandamus Statute. For all of these reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claims for relief under the Federal Mandamus Statute as to all Defendants. Because no additional factual allegations would alter the legal conclusions reached above, Defendants' Motion is granted WITHOUT LEAVE TO AMEND.

## VI. CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS Defendants' Motion to Dismiss as follows:

The Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss

8

Defendants the Department of Veterans Affairs and the Acting Secretary of Veterans Affairs FROM ALL CLAIMS IN THIS ACTION.

The Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss Defendant the Secretary of the Air Force as to Plaintiff's Claims brought pursuant to the Due Process Clause of the Fifth Amendment, FAC ¶¶ 53-59.

The Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss Defendants United States Air Force and the Secretary of the Air Force as to Plaintiff's Claims brought pursuant to 38 U.S.C. §§ 7461-7463, FAC ¶¶ 42-52, and 28 U.S.C. § 1361, FAC ¶¶ 66-71; Plaintiff's third cause of action remains as to these defendants.

IT IS SO ORDERED.

    Dated:   **October 8, 2014**                  **/s/ Lawrence J. O'Neill**
                                                            UNITED STATES DISTRICT JUDGE